**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**ANDY L. KYSER,**

   **Plaintiff,**

**v.**             **Case No. 2:16-cv-05006**

**JON EDWARDS d/b/a
TRAINED MONKEY TRUCKIN,**

   **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the defendant's Motions to Dismiss (ECF Nos. 4 and 9) and Supplemental Motions to Dismiss (ECF No. 6 and 11). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On May 6, 2016, the plaintiff, Andy L. Kyser (hereinafter "Kyser"), acting pro se, filed two Complaints in the Circuit Court of Boone County, West Virginia (Case Nos. 16-C-74 and 16-C-75), alleging state law claims related to breach of contract and defamation by the defendant. On June 2, 2016, the defendant, by counsel, removed both civil actions to this federal court based on diversity of citizenship jurisdiction and Case Nos. 2:16-cv-05006 and 2:16-cv-5007 were assigned to the cases. On June 6, 2016, the defendant filed a Motion to Consolidate in Case No. 2:16-cv-05006 (ECF No. 3).

On June 9, 2016, the defendant filed Motions to Dismiss in each civil action requesting dismissal of the Complaints pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process, and also pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Then, on October 14, 2016, the defendant filed Supplemental Motions to Dismiss in each civil action, asserting that, because Kyser had not properly served the defendant within the 90-day period allowed by Rule 4(m) of the Federal Rules of Civil Procedure, both civil actions should be dismissed on that basis as well.  All of these documents contain certificates of service indicating that the defendants mailed copies thereof to Kyser at the address provided in his Complaints.

On January 23, 2017, the presiding District Judge granted the defendant's Motion to Consolidate, consolidating these civil actions, with Case No. 2:16-cv-05006 being the lead case.[1] Kyser has not responded to any of the defendant's motions; nor has he participated in any way in this litigation since its removal to federal court.  The undersigned will now address the merits of the defendant's motions.

## ANALYSIS

### A.    Insufficient process and service of process.

#### *Rules 12(b)(4) and 12(b)(5)*

The defendant's Motions to Dismiss (ECF Nos. 4 and 9) allege that, on May 13, 2016, the defendant received certified mail packages from the Circuit Court of Boone County containing the Complaint documents, but no summonses were included.  The

---

[1]  Thus, the motion documents in Case No. 2:16-cv-05007 have been transferred to Case No. 2:16-cv-05006 and all docket references from this point forward will be to Case No. 2:16-cv-05006.  Accordingly, the Motions to Dismiss are now docketed as ECF Nos. 4 and 9 and the Supplemental Motions to Dismiss are docketed as ECF Nos. 6 and 11.

state court rules are applicable until removal.  *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp.2d 514, 519 (D. Md. 1998) (state law governs whether service of process is properly effected prior to removal); s*ee also Brazell v. Green*, 67 F.3d 293 (4th Cir., Sept. 29, 1995) (unpublished) ("validity of service prior to removal is determined by the law of the state under which service was made").  Rule 4(b) of the West Virginia Rules of Civil Procedure provides:  "Upon the filing of the complaint, the clerk shall forthwith issue a summons to be served as directed by the plaintiff.  A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served."  W. Va. R. Civ. P. 4(b).  Apparently, Kyser presented no summonses to the Circuit Clerk of Boone County for issuance in his cases.

Upon removal, however, the federal rules become applicable and the clock for service of process essentially restarts.  *See Randolph v. Hendry*, 50 F. Supp.2d 572, 580 (S.D. W. Va. 1999).  As further noted by the Court in *Randolph*, "going forward, the plaintiff may cause the clerk [of the federal court] to issue process in this case in the same manner as in cases originally filed in this Court."  *Id.* (citing 28 U.S.C. § 1448).[2]  Thus, following removal of these cases, the defendant moved to dismiss both Complaints under Rule 12(b)(4) of the Federal Rules of Civil Procedure, because no summons was ever issued, and also under Rule 12(b)(5) because service of the Complaints without a

---

[2]  Section 1448 of Title 28 provides as follows:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.  This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C.A. § 1448.

summons, while putting the defendant on notice that he was being sued, did not perfect service of process, and did not extend the personal jurisdiction and venue of this court to the defendant.[3]

Rule 4 of the Federal Rules of Civil Procedure requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(b). The rule further specifies that "the plaintiff is responsible for having the summons and complaint served . . . ." *Id.* Here, the defendant has asserted that Kyser did not ensure that a summons was served on the defendant either by the state court, prior to removal, or by this court thereafter. The fact that summonses were never issued and served on the defendant violates Rule 4(b) and has resulted in both insufficient process and insufficient service of process.

Rule 12(b)(4) of the Federal Rules of Civil Procedure provides for the dismissal at the outset of a civil action where process is insufficient. Fed. R. Civ. P. 12(b)(4). Likewise, Rule 12(b)(5) of the Rule provides for the dismissal of a civil action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Here, the defendant has asserted both grounds. The defendant's Memorandum of Law in support of his Motion to Dismiss further contends:

> When a defense under Rule 12(b)(4) or (5) is raised, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Ballard v. PNC Financial Servs. Group, Inc.*, 620 F. Supp.2d 733, 735 (S.D. W. Va. 2009); *see also Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Cranford v. United States*, 359 F. Supp. 981, 984 (E.D. Cal. 2005) (citations omitted) ("Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service.") As this Court stated, "[s]hould the Court determine that service of process 'is insufficient, the [C]ourt has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Ballard*, 620 F. Supp. at 735 (quoting *Cranford v. United States*, 359 F. Supp.2d at 984).

---

[3] The filing of a petition for removal of a cause of action from state to federal court constitutes a special appearance and does not submit the defendant to the jurisdiction of the court. *See Wabash W. Ry. v. Brow*, 164 U.S. 271, 275 (1896). Thus, by removing these cases, the defendant did not waive his right to appear specially to challenge service of process. *Id.*

(ECF Nos. 5 at 2-3; ECF No. 10 at 3).  The defendant emphasizes that "service of [a] summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."  *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)); *see also Day'Le Lathon v. UNC-Fayetteville State Univ.*, No. 2008 WL 60396, *1 (E.D.N.C. Jan. 2, 2008) (dismissing pro se plaintiff's for failure to serve summons with clerk's signature).

The undersigned notes, however, that because dismissal under either Rule 12(b)(4) or 12(b)(5) is not a ruling on the merits of the claims in the complaint, dismissal should be without prejudice.  See 5B Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure* § 1353 at 345-46 (3d ed. 2008) (because dismissal on Rule 12(b)(5) for improper service of process is not on the merits, it would be error to dismiss with prejudice); *see also, e.g., Riley v. Nationscredit Fin. Servs. Corp.*, No. 2:08CV132-MHT, 2008 WL 3992743, at *1 (M.D. Ala. Aug. 26, 2008); *Goldthread v. Davison*, No. 3:06-cv-0805, 2007 WL 2471803 (M.D. Tenn. Aug. 29, 2007) (dismissal without prejudice is appropriate under Rule 12(b)(4)); *Johnson v. Meachum*, 839 F. Supp. 953 (D. Conn. 1993) (same).

Because Kyser failed to ensure that summonses for the defendant were issued and served with his Complaints, and further failed to remedy those defects after removal, the undersigned proposes that the presiding District Judge **FIND** that Kyser's cases suffer from both insufficient process and insufficient service of process and, thus, are subject to dismissal, without prejudice, pursuant to Rules 12(b)(4) and 12(b)(5).

*Rule 4(m)*

Notwithstanding the fact that the defendants' motions placed Kyser on notice that service of process was insufficient, Kyser took no steps to request the issuance of summonses by this federal court following removal.  Therefore, on October 14, 2016, the defendants filed Supplemental Motions to Dismiss (ECF Nos. 6 and 11), asserting that Kyser did not perfect service of process within 90 days of the removal of the cases to this court and, thus, his Complaint is also subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

At the time that Kyser's Complaints were removed to this court on June 2, 2016, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> **Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.**

Fed. R. Civ. P. 4(m) (emphasis added).[4]

The United States Court of Appeals for the Fourth Circuit has interpreted Rule 4(m) to require dismissal of a complaint that has not been served upon a defendant within the Rule 4(m) period, absent a showing of good cause.  *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995).  Despite the fact that Kyser is proceeding *pro se* and did not file any responses to the defendant's motions, he was nonetheless put on notice of the deficiencies in service of process herein by the defendant's motions.  The court notes that Kyser has failed to participate in any way in this litigation since its removal to this court.  Thus,

---

[4] Effective December 1, 2015, the period for service under Rule 4(m) was reduced from 120 to 90 days.

Kyser has not taken any steps to demonstrate good cause for his failure to remedy the service deficiencies and perfect service on the defendant in the manner and time provided by the Rules of Civil Procedure.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that his consolidated Complaints are also subject to dismissal, without prejudice, pursuant to Rule 4(m).

### B.    Failure to state a claim upon which relief can be granted.

The defendant's Motions to Dismiss (ECF Nos. 4 and 9) also move for dismissal of the Complaints, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that they fail to state any claim upon which relief can be granted.  *Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

Relying upon these principles, the defendant's motion documents assert that Kyser "has alleged precisely the kind of 'unadorned, the-defendant-unlawfully-harmed accusation' the *Twombly/Iqbal* standard prohibits." (ECF No. 5 at 5; ECF No. 10 at 5). The defendant further contends that Kyser's Complaints fail to allege sufficient facts to support the essential elements of the claims asserted therein, and rely only on legal conclusions.

Kyser's Complaint documents are not in a format that conforms to the Federal Rules of Civil Procedure or that will enable the defendant to properly answer and defend against his allegations. Although pro se complaints must be liberally construed to allow the development of potentially meritorious claims, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The undersigned has exhaustively reviewed the allegations in the Complaint documents and derived three possible claims

8

raised therein:  (1) breach of contract; (2) defamation; and (3) abuse of process.  The undersigned will address each potential claim in turn.

### *Breach of Contract*

The bulk of the allegations contained in both of Kyser's Complaints address an alleged agreement between Kyser and Jon Edwards d/b/a Trained Monkey Truckin (hereinafter "Edwards") concerning the purchase or lease of a tractor-trailer and payment for deliveries made using the same.  Edwards asserts that Kyser has not alleged facts sufficient to support *prima facie* evidence that a valid, enforceable contract existed; that Kyser performed thereunder; or what particular obligations Edwards is alleged to have breached.  (ECF No. 10 at 6-7).

To state a claim for breach of contract, the plaintiff must allege facts sufficient to support each of the following elements: "formation of a contact, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 759 S.E.2d 795 (W. Va. 2014)); *see also Exec. Risk Indem., Inc., v. Charleston Area Med. Ctr. Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009) (requiring the plaintiff to allege "the existence of a valid, enforceable contract," the plaintiff's performance under that contract, breach on the part of the defendant, and injury incurred by plaintiff as a result).  Recently, the presiding District Judge dismissed another breach of contract claim that failed to sufficiently allege these elements, finding:

> The formation of a contract requires an offer and an acceptance, supported by consideration. Syl. Pt. 2, *N. Am. Royal Coal Co. v. Mountaineer Developers, Inc.*, 239 S.E.2d 673 (W. Va. 1977) (citation omitted). Such consideration could consist of "some right, interest, profit, or benefit accruing to ... one party, or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." *State ex rel.*

> *Saylor v. Wilkes*, 613 S.E.2d 914, 923 (W. Va. 2005) (quoting 17 Am. Jr. 2d,
> Contracts, § 85).

*Goff v. Frontier Commc'ns of Am., Inc.*, No. 2:16-cv-05689, 2017 WL 440731, at *6 (S.D.

W. Va. Feb. 1, 2017).

The Complaint in 2:16-cv-5007, which is titled "BREACH OF CONTRACT," alleges

as follows:

> I, Andy L. Kyser, am hereby bringing suit against Jon Edwards on the
> matter of breach of contract as Mr. Jon Edwards and my self has entered
> into a binding agreement that I Andy Kyser would purchase a 2003
> Freightliner Classic XL truck and a 2010 Great Dane Reefer Trailer from
> Jon Edwards that he stated he would finance and I would run the said truck
> and trailer and he would take weekly payments that would equal the
> monthly amount of his payments for the term of his loan . . . .

(2:16-cv-05007, ECF No. 1, Attach. 1, hereinafter "5007 Complaint").  However, beyond

one statement contained in his request for damages section therein, which indicates that

the parties placed their agreement "to purchase said truck and trailer from Jon Edwards"

in writing via "face book" messages in February of 2016 (*id.*), Kyser provides no specific

allegations about the formation of the contract, the manner of acceptance, the specific

terms of the contract, or the consideration therefore.[5]

The 5007 Complaint further alleges that "after finally receiving and having a

chance to read the contract that was between Jon Edwards and West Bay Leasing I found

out that Jon Edwards has entered into a lease not a finance loan so he could not sell said

truck and trailer and he can not even lease said truck and trailer."  (*Id.*)  The 5007

Complaint further alleges that "he [Edwards] has also decided to hold all money earned

as of [M]arch 31st, 2016 in total of $6600.00 worth of loads delivered and that has been

---

[5]  The 5007 Compl. does appear to allege that Kyser delivered some loads that were booked through the
defendant's accounts, which could be liberally construed as an allegation of consideration or performance
under the contract.

10

paid to Jon Edwards from the brokers the loads were booked threw [sic; through Trained Monkey Truckin Accounts." (*Id.*)

Additionally, without identifying all of the specific terms of the alleged contract, the Complaint filed in Case No. 2:16-cv-5006, which is also titled "BREACH OF CONTRACT," states that Edwards failed to comply with certain terms of the alleged contract, including: failing to provide a trailer registration; failing to provide insurance premium information; failing to provide "the amount of base plates for the semi and the amount to pay each month;" and failing to provide "the amount of the prepass and the amount each month." (Case No. 2:16-cv-05006, ECF No. 1, Attach. 1, hereinafter "5006 Complaint"). Kyser further alleges that Edwards failed to give proper written notice of termination. (*Id.*)

Even liberally construing these factual allegations and taking them as true, as the court must when considering a Rule 12(b)(6) motion, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not stated enough facts to support a plausible claim of breach of contract.

The defendant further asserts that, to the extent that the 5006 Complaint also alleges that the defendant stole or altered a contract from some third party or breached some contract with a third party, Kyser has not pled facts to demonstrate that such contract(s) were made for his sole benefit and, thus, he has no standing to assert such claims. (*Id.* at 7). The undersigned agrees that these allegations are insufficient to establish a breach of contract claim that is actionable by Kyser.

Thus, to the extent that the 5006 Complaint alleges that the defendant "stole and altered" a contract from another trucking company to use as his own, or that the defendant "also breach[ed] the contract with a broker by stealing loads from Texas to

Iowa that I delivered as well as breached the contract between Mr. Edwards and West Bay Leasing," the undersigned proposes that the presiding District Judge **FIND** that such allegations fail to state any claim upon which relief can be granted to Kyser.

*Defamation*

The 5007 Complaint further alleges that Edwards "called the Federal Motor Carriers Office and made false statements to them to have my ability to drive a semi questioned.  I currently have a valid CDL-A license as well as a valid Medical certificate." Additionally, the damages section of the 5006 Complaint requests damages "for slander, defamation of character, as well as possible libel."  The defendants, and the undersigned, have collectively construed these allegations to be alleging a state law claim of defamation.[6]

To state a claim of defamation under West Virginia law, a plaintiff must allege the following six elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury."  *Belcher v. Wal-Mart Stores, Inc.*, 568 S.E.2d 19, 26 (W. Va. 2002), *citing Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70, 77 (W. Va. 1983).  The defendant contends that Kyser has only provided information to support the third and fourth elements – that the defendant made a false statement about him – and that he has not alleged that he suffered any resulting injury.  The defendant's Memorandum of Law further states:

> Without providing any detail or elaboration, Plaintiff only alleges facts pertinent to the third and fourth elements.  The remaining elements are simply not addressed.  For example, it is not clear whether the Federal

---

[6] Slander and libel are both forms of defamation.  Slander refers to spoken defamation, while libel refers to defamation that appears in written or print form.

12

> Motor Carrier's Office questioned Plaintiff or revoked any license[].
> Plaintiff has alleged no facts indicating that he was injured by the
> Defendant's alleged statement. In addition, Plaintiff does not provide the
> substance of the alleged false statement, making it impossible for this
> Defendant to investigate its veracity.

(ECF No. 10 at 9-10). The undersigned agrees that Kyser's allegations of defamation are

too thinly pled. Accordingly, the undersigned proposes that the presiding District Judge

**FIND** that Kyser's Complaints, as pled, fail to state a plausible claim of defamation.

<u>*Abuse of Process*</u>

The 5007 Complaint also alleges that Edwards "tried to use the law offices of the

Boone County Sheriff's office as well as the West Virginia State Police of Boone County

and called them to do a well fair [sic; welfare?] check on myself[.]" The defendant's

Motion to Dismiss addresses this allegation as follows:

> Simply put, even if true, this allegation does not form the basis for a cause
> of action recognized under West Virginia law. In contrast to Plaintiff's
> apparent assertion, West Virginia law acknowledges the characteristics of
> the police power, which is "extensive, elastic and constantly evolving to
> meet new and increasing demands for its exercise for the benefit of society
> and to promote the general welfare." *State ex rel. West Virginia Div. of Nat.*
> *Resources v. Cline*, 488 S.E.2d 376, 380-81 (W. Va. 1997). To promote the
> general welfare, police officers are permitted to conduct welfare checks,
> which is a common practice of law enforcement. *See, e.g., Pleasants v.*
> *Town of Louisa*, 524 F. App'x 891, 2013 WL 1878925 (4th Cir. 2013). While
> Plaintiff alleges that the law "show[ed] up to [his] home," he alleges nothing
> evincing any unlawful act. Complaint at 1. For example, it is not clear
> whether any law enforcement officer ever spoke with Plaintiff. Plaintiff has
> not alleged a violation of any constitutional right or that he was maliciously
> prosecuted, and even if he did, those allegations would need to be directed
> at law enforcement, not this Defendant.

(ECF No. 10 at 8).

At best, this allegation may be liberally construed to be asserting an abuse of

process claim. To that extent, as noted by the defendant, such a claim "consists of the

willful and malicious misuse or misapplication of lawfully issued process to accomplish

some purpose not intended or warranted by that process." *Williams v. Harden*, 585 S.E.2d 369 (W. Va. 2003).  Kyser has alleged no more than that Edwards contacted law enforcement to perform a "welfare check" on him.  The undersigned agrees that such conduct does not plausibly rise to the level of an abuse of process.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this allegation fails to state a claim upon which relief can be granted.

Based upon a liberal reading of both of Kyser's Complaints, and taking all of his allegations as true, the undersigned proposes that the presiding District Judge **FIND** that none of Kyser's allegations, as presently pled, establishes a plausible claim for relief.  Thus, dismissal of both Complaints pursuant to Rule 12(b)(6) is also appropriate.

However, the undersigned notes that "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it dismisses a complaint based on [Rule] 12(b)(6)." *Smith v. Virginia,* No. 3:08cv800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)).

> Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Ostrzenski,* 177 F.3d at 253.  Under this authority, the undersigned proposes that the presiding District Judge specify that dismissal of these actions under Rule 12(b)(6) is without prejudice or, in the alternative, consider allowing Kyser to file an amended complaint attempting to correct the deficiencies addressed herein.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendant's Motions to Dismiss Complaint (ECF Nos. 4 and 9) and the defendant's Supplemental Motions to Dismiss (ECF Nos. 6 and 11), and dismiss these consolidated civil actions without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 9, 2017

Dwane L. Tinsley
United States Magistrate Judge

16