IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDY L. KYSER,

          Plaintiff,

v.                                       CIVIL ACTION NO.  2:16-cv-05006

JON EDWARDS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motions to Dismiss (ECF Nos. 4 & 9) and Supplemental Motions Dismiss (ECF Nos. 6 & 11).[1] By Standing Order entered January 4, 2016, and filed in this case on June 2, 2016, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Tinsley filed his PF&R (ECF No. 13) on February 9, 2017, recommending that this Court **GRANT** Defendant's Motions to Dismiss and Supplemental Motions to Dismiss and **DISMISS** these consolidated actions.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this

---

[1] This action was consolidated with Civil Action 2:16-cv-5007 on January 23, 2017. Defendant filed a corresponding Motion to Dismiss and Supplemental Motion to Dismiss in each case prior to consolidation, resulting in the four motions addressed here.

Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on February 27, 2017. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 13) and notes that the Motions to Dismiss (ECF Nos. 4 & 9) and Supplemental Motions Dismiss (ECF Nos. 6 & 11) could properly be granted. However, the Court declines to dismiss these consolidated actions at this time. Instead, the Court will provide Plaintiff ten days from the entry of this order to file an amended complaint stating his claims with the requisite particularity.[2] If Plaintiff fails to file an amended complaint in that period, the Court will deem it a failure to prosecute and grant the Motions to Dismiss.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2017

---

[2] In addition to the claims addressed in the PF&R, the Court notes that the Complaints allege facts that imply a claim of fraud. However, fraud claims must be plead "with particularity," which the Complaints here fail to do. Fed. R. Civ. P. 9(b).

2

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE